UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CR-60124 Smith/Hunt

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

HAYDEE RIVERO,
f/k/a Haydee Granados,

Defendant.
_____/

FILED BY R.P.B. D.C.

Jul 1, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## INFORMATION

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At all times material to this Information:

*The Small Business Administration*

1.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.      As part of this effort, the SBA enabled and provided loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### *The Paycheck Protection Program*

3.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief that the CARES Act provided was the Paycheck Protection Program ("PPP"), which authorized forgivable loans to small businesses for job retention and certain other expenses.

4.  The SBA promulgated regulations concerning eligibility for a PPP loan. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. Payments to independent contractors are typically reported to the Internal Revenue Service ("IRS") on a "Form 1099-MISC." In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

5.  In addition, a business applying for a PPP loan was required to provide documentation showing its payroll expenses. This payroll information was material to the application because, pursuant to statutory requirements and implementing regulations, the amount of the loan that typically could be approved was a function of the applicant's historical payroll

costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

6. Individuals who operated a business under a "sole proprietorship" business structure were eligible for a PPP loan. To qualify for such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship. Sole proprietorships typically report their income and expenses yearly to the IRS on a "Form 1040, Schedule C." As with other PPP loans, this information and supporting documentation was used to calculate the amount of money the individual was entitled to receive under the PPP. The maximum PPP loan amount for a sole proprietor with no employees was $20,833.

7. PPP loan applications were processed by participating lenders and third-party loan processors. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8. After the lender funded the PPP loan to the borrower, the lender submitted disbursement details into the SBA E-Tran system with servers located in Sterling, VA. The SBA's Denver Finance Center, located in Denver, Colorado, created payment files and authorized payments of the PPP processing fee to the lender through the Financial Management System to the Treasury. The primary server for the Financial Management System is in Sterling, VA. The PPP processing fee varied depending on the amount of the loan. Once created, the payment files were then transmitted via wire to the U.S. Treasury disbursing office in Kansas City, Missouri,

which, in turn, sent instructions for payment of funds to the Federal Reserve Bank Automated Clearing House processing site in East Rutherford, New Jersey.

9. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments for the business. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

10. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the borrower utilized 60% of the loan in the 24 weeks post-disbursement toward payroll costs and utilized the remaining 40% on qualified expense items (e.g., mortgage, rent, and utilities).

11. Applying for PPP loan forgiveness was a separate process that required additional affirmations that the applicant satisfied the eligibility for PPP loan forgiveness. If forgiveness was approved, the SBA would pay the remaining balance of the loan to the participating lender. Whatever portion of the PPP loan was not forgiven was serviced as a loan.

### The Defendant, Co-Conspirators, and Relevant Entities

12. Defendant **HAYDEE RIVERO, f/k/a Haydee Granados,** was a resident of Broward County, Florida.

13. Co-conspirator Carolyn Wade was a resident of Broward County, Florida, and an employee of the Broward Sheriff's Office.

14. Co-conspirator Tracy Wade was a resident of Broward County, Florida, and an employee of the Broward Sheriff's Office.

15. Lender 1 was a participating lender in the PPP, and was located in California.

16. Loan Processor 1 was a third-party loan processor that processed PPP loan applications for Lender 1, among other participating PPP lenders, and was located in California.

## COUNT 1
**Conspiracy to Commit Offenses Against the United States**
**(18 U.S.C. § 371)**

17. Paragraphs 1 through 16 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

18. From in or around April 2021, through in or around August 2021, the exact dates being unknown to the United States Attorney, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HAYDEE RIVERO,**
**f/k/a Haydee Granados,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Carolyn Wade, Tracy Wade, and with others known and unknown to the United States Attorney, to commit certain offenses against the United States, that is:

a) to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

b) to make any statement knowing it to be false for the purpose of obtaining for herself or for any applicant any loan, or extension thereof by renewal, deferment of action, or for the

purpose of influencing in any way the action of the United States Small Business Administration, or for the purpose of obtaining money, property, or anything of value, under Title 15, United States Code, Chapter 14A, in violation of Title 15, United States Code, Section 645(a).

## PURPOSE OF THE CONSPIRACY

19. It was the purpose of the conspiracy for **HAYDEE RIVERO, f/k/a Haydee Granados,** and her co-conspirators to unjustly enrich themselves by, among other things, (a) making false statements to obtain PPP loans and forgiveness of such PPP loans from the SBA and its lenders; (b) submitting and causing the submission of PPP loan applications that contained false and fraudulent information; (c) causing the disbursement of false and fraudulent PPP loans; and (d) submitting and causing the submission of PPP loan forgiveness applications that contained false and fraudulent information.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **HAYDEE RIVERO, f/k/a Haydee Granados**, and her co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

20. **HAYDEE RIVERO, f/k/a Haydee Granados**, prepared and created false and fictitious IRS Schedule C forms for inclusion with, and in support of, PPP loan applications for Carolyn Wade, Tracy Wade, and others.

21. **HAYDEE RIVERO, f/k/a Haydee Granados,** logged in to Loan Processor 1's website and electronically accessed PPP loan applications for Carolyn Wade, Tracy Wade, and others, using login credentials, including one-time, short-lived passcodes, supplied by Carolyn Wade, Tracy Wade, and others.

6

22.     **HAYDEE RIVERO, f/k/a Haydee Granados,** inputted and transmitted through the internet, via Loan Processor 1's website, false tax information for PPP loan applications for Carolyn Wade, Tracy Wade, and others.

23.     **HAYDEE RIVERO, f/k/a Haydee Granados,** uploaded and transmitted through the internet, via Loan Processor 1's website, false and fictitious IRS Schedule C forms for inclusion with, and in support of, PPP loan applications for Carolyn Wade, Tracy Wade, and others;

24.     **HAYDEE RIVERO, f/k/a Haydee Granados,** Carolyn Wade, Tracy Wade, and others, submitted and caused the submission of PPP loan applications that included false information, and false and fictious IRS Schedule C forms prepared and created by **HAYDEE RIVERO, f/k/a Haydee Granados.**

25.     **HAYDEE RIVERO, f/k/a Haydee Granados,** Carolyn Wade, Tracy Wade, and others, caused the SBA to approve, and PPP lenders to disburse, PPP loan proceeds to themselves and others based upon, among other things, false information, and false and fictitious IRS Schedule C forms prepared and created by **HAYDEE RIVERO, f/k/a Haydee Granados.**

26.     Carolyn Wade, Tracy Wade, and others, paid **HAYDEE RIVERO, f/k/a Haydee Granados,** and caused her to receive payment, for supplying false information and false and fictitious IRS Schedule C forms in connection with PPP loan applications.

27.     **HAYDEE RIVERO, f/k/a Haydee Granados,** Carolyn Wade, Tracy Wade, and others, submitted and caused the submission of false and fraudulent information to the SBA to attempt to cause and cause the forgiveness of fraudulently obtained PPP loans.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the coconspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

28. On or about May 6, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** logged in to Loan Processor 1's website and electronically accessed PPP loan application ID "bdcd28a5-a9d0-4141-ba64-ad5ca515cb8b" for Tracy Wade.

29. On or about May 6, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** inputted and transmitted through the internet, via Loan Processor 1's website, false tax information for PPP loan application ID "bdcd28a5-a9d0-4141-ba64-ad5ca515cb8b" for Tracy Wade.

30. On or about May 6, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** uploaded and transmitted through the internet, via Loan Processor 1's website, a false and fictitious IRS Schedule C form for inclusion with, and in support of, PPP loan application ID "bdcd28a5-a9d0-4141-ba64-ad5ca515cb8b" for Tracy Wade.

31. On or about May 13, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** logged in to Loan Processor 1's website and electronically accessed PPP loan application ID "72d63c08-df04-4a1e-a649-c6cf086adfb7" for Carolyn Wade.

32. On or about May 13, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** inputted and transmitted through the internet, via Loan Processor 1's website, false tax information for PPP loan application ID "72d63c08-df04-4a1e-a649-c6cf086adfb7" for Carolyn Wade.

33. On or about May 13, 2021, **HAYDEE RIVERO, f/k/a Haydee Granados,** uploaded and transmitted through the internet, via Loan Processor 1's website, a false and fictitious IRS Schedule C form for inclusion with, and in support of, PPP loan application ID "72d63c08-

df04-4a1e-a649-c6cf086adfb7" for Carolyn Wade.

34. On or about June 3, 2021, Tracy Wade and Carolyn Wade paid **HAYDEE RIVERO, f/k/a Haydee Granados**, and caused her to be paid, $1,000 via Zelle transfer.

35. On or about June 7, 2021, Tracy Wade and Carolyn Wade paid **HAYDEE RIVERO, f/k/a Haydee Granados**, and caused her to be paid, $1,000 via Zelle transfer.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **HAYDEE RIVERO, f/k/a Haydee Granados**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_/s/ T. Jones_
for MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_/s/_
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

HAYDEE RIVERO,
f/k/a Haydee Granados,
_____/
          Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☒ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Williams  Case No. 23-60173-CR-KMW
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
DAVID A. SNIDER
Assistant United States Attorney
Court ID No.   A5502260

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __HAYDEE RIVERO, f/k/a Haydee Granados__

Case No: _____

**Count #: 1**

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Revised 5/16/2022

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida ▼

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 24-CR-60124 Smith / Hunt |
| HAYDEE RIVERO, f/k/a Haydee Granados, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

FRANK SCHWARTZ, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*